|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | FILED IN THE<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF WASHINGTON |
| 3 | | Apr 03, 2025 |
| 4 | | SEAN F. McAVOY, CLERK |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| 7 | KATHY CHMURA, a married person. | NO. 2:24-CV-0431-TOR |
| 8 | Plaintiff, | |
| 9 | v. | ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING MOTION TO DISMISS COUNTERCLAIMS |
| 10 | CLARK'S BUILDERS LLC, a Washington limited liability company; CHRISTOPHER CLARK, a married person, and the marital community therein, and JOHN DOE(s) 1-5, | |
| 13 | Defendants/Counter-Claim Plaintiffs, | |
| 14 | v. | |
| 15 | KATHY CHMURA and LAWRENCE CHMURA, a marital community, | |
| 17 | Counter-Claim Defendants. | |

BEFORE THE COURT is Plaintiff/Counterclaim Defendants' Motion to

Transfer Venue (ECF No. 14) and Defendants/Counterclaim Plaintiffs' Stipulated

ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING
MOTION TO DISMISS COUNTERCLAIMS ~ 1

Motion to Dismiss Counterclaims (ECF No. 21).  These matters were submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.  For the reasons discussed below, Plaintiff/Counterclaim Defendants' Motion to Transfer Venue (ECF No. 14) is **DENIED**.  Defendants/Counterclaim Plaintiffs' Stipulated Motion to Dismiss Counterclaims (ECF No. 21) is **GRANTED**.

## BACKGROUND

This case arises out of a construction agreement between Plaintiff Kathy Chmura ("Chmura") and Defendant Clark's Builders LLC ("Clark's Builders") for the construction of a residential "barndominium" ("pole barn") on Chmura's property.  ECF No. 1-1.  The following facts are taken from Plaintiff's Complaint (ECF No. 1-1).

In July 2023, Chmura contacted Clark's Builders, a construction company with its principle place of business located in Spokane, Washington, about constructing a pole barn on Chmura's property located in Coeur de Alene, Idaho.  ECF No. 1 at ¶¶ 4,7.  On July 18, 2023, Chmura approved a final estimate sent by Clark's Builders for a 30x50x14 foot pole barn with a 16x50 foot lean-to.  *Id.* at ¶ 14.  Chmura requested that a loft be built in the pole barn which necessitated a minimum height of 14 feet for the pole barn roof.  *Id.* at ¶ 16.  Clark's Builders began constructing the pole barn between July 2023 and October 2023.  *Id.* at ¶ 21.

1  Unbeknownst to Chmura, Clark's Builders were not constructing the pole barn to
2  the agreed upon specifications and the roof ended up being only 12 feet in height
3  rather than 14 feet.  *Id.* at ¶¶ 23,24.  As a result, the loft could not be constructed in
4  the pole barn.  *Id.* at ¶ 37.  Chmura subsequently fired Clark's Builders from the
5  project on October 25, 2023.  *Id.* at ¶ 28.

6        After Clark's Builders was fired from the project, an inspection of the
7  incomplete pole barn revealed extensive defects in the construction including
8  improper alignment of beams and rafters, and a failure to properly seal the roof
9  which resulted in water intrusion and leaks leading to mold.  *Id.* at ¶¶ 43,47. The
10 inspection also revealed a defective foundation and plumbing.  *Id.* at ¶¶ 48,49.  As
11 a result of the extensive defects, Chmura had to hire independent contractors to
12 repair and rebuild the structure.  *Id.* at ¶ 53.  The total alleged damages incurred by
13 Chmura in repair and construction costs, delay in using the property, and ongoing
14 legal fees exceed $400,000.  *Id.* at ¶ 60.

15       Chmura initiated this action in Spokane County Superior Court alleging
16 various state law claims.  ECF No. 1-1.  Defendants thereafter removed the case to
17 this Court on December 23, 2024.  ECF No. 2.  On January 22, 2025, Defendants
18 (hereafter "Defendants/Counterclaim Plaintiffs") filed an answer to Plaintiff's
19 Complaint and asserted counterclaims against Chmura and her husband, Lawrence
20

ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING
MOTION TO DISMISS COUNTERCLAIMS ~ 3

Chmura (collectively "Plaintiff/Counterclaim Defendants"), alleging breach of contract, promissory estoppel, and unjust enrichment. ECF No. 7.

Plaintiff/Counterclaim Defendants now move the Court to transfer venue from the Eastern District of Washington to the District of Idaho pursuant to 28 U.S.C. § 1404(a) (ECF No. 14) and the parties stipulate to a dismissal of Defendants/Counterclaim Plaintiffs' claims with prejudice (ECF No. 21).

## DISCUSSION

**A. Section 1404 Standard**

Section 1404(a) provides for a discretionary transfer of a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of the section is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

When considering whether such a transfer is warranted, district courts must make "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). First, district courts must determine that the other forum has subject-matter and personal jurisdiction over the parties and case and would be a proper venue under Section 1391(b). *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). After this element is

satisfied, district courts then apply a balancing test to assess whether a venue transfer is proper. The following factors are relevant to this analysis: (1) the place at which any agreements between the parties were negotiated and executed; (2) the state most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts specific to the plaintiff's cause of action in the chosen forum; (6) the comparative costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the existence of a forum selection clause; and (10) any public policy considerations specific to the forum state. *GNC Franchising*, 211 F.3d at 498-99.

**B. Analysis**

The parties do not dispute that the District of Idaho would be a proper venue for this case. Venue may be proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). While some of the alleged conduct related to correspondence between Plaintiff/Counterclaim Defendants and Defendants/Counterclaim Plaintiffs, the correspondence concerned the construction of the pole barn in Idaho. Moreover, most of the conduct giving rise to the claims occurred at the construction site in Idaho. Therefore, venue may be proper in the District of Idaho.

1    The Court must next evaluate whether a transfer is proper.  More often it is
2 the defendant that seeks a venue transfer, however, in this case
3 Plaintiff/Counterclaim Defendants seek the transfer after originally bringing the
4 action in a Washington state court.  Now that Defendants/Counterclaim Plaintiffs
5 removed the action to this Court, Plaintiff/Counterclaim Defendants seek a transfer
6 to the District of Idaho.  ECF No. 14.
7    Amongst the seven pages of mostly block quotes and string citations in
8 Plaintiff/Counterclaim Defendants' motion, they argue that a transfer of venue is
9 warranted because the Defendants/Counterclaim Plaintiffs alleged in their Answer
10 to the Complaint and Counterclaim against Plaintiff/Counterclaim Defendants
11 (ECF No. 7) that they objected to any action brought in Washington due to the
12 claims all having arisen in Idaho. *Id.* at 7.  Therefore, for the convenience of all
13 parties, Plaintiff/Counterclaim Defendants request the Court transfer this action to
14 the Idaho District Court in the northern division in Kootenai County. *Id.*
15    Defendants/Counterclaim Plaintiffs oppose a venue transfer. ECF No. 16.
16 They argue that they opposed the action being brought in the Spokane County
17 Superior Court because it was not proper in a Washington state court, however, it
18 is proper in federal court based on diversity jurisdiction. *Id.* at 4.  They further
19 provide a declaration and exhibits showing that they communicated with
20 Plaintiff/Counterclaim Defendants' former attorney demanding immediate

1  dismissal from the Spokane court for improper venue, but their counsel insisted the
2  action was properly venued in Spokane. *See* ECF No. 17.

3　　　　Defendants/Counterclaim Plaintiffs also contend that Plaintiff/Counterclaim
4  Defendants have failed to demonstrate how a transfer would be of convenience to
5  the parties and witnesses in the interest of justice. ECF No. 16 at 9. They further
6  argue that a transfer would result in a waste of the time and the expenses incurred
7  in defending this action in Washington. Thus, any transfer would require
8  Defendants/Counterclaim Plaintiffs to expend more time and expenses in locating
9  new counsel in Idaho. *Id.* at 10-11.

10　　　　In Plaintiff/Counterclaim Defendants' reply, they argue
11  Defendants/Counterclaim Plaintiffs previously objected to having the case in
12  Washington, therefore, they should now be judicially estopped from taking a
13  different position. ECF No. 19 at 3. They also explain that the case was originally
14  brought in Washington because Plaintiff's former counsel was only licensed in
15  Washington, however, their new counsel is licensed in Idaho. Moreover,
16  Plaintiff/Counterclaim Defendants argue that there is no evidence that
17  Defendants/Counterclaim Plaintiffs will have wasted time and expense if the case
18  is transferred because this case is "in its infancy," and Plaintiff/Counterclaim
19  Defendants' counsel is hired by insurance. *Id.* at 5-6.
20

ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING
MOTION TO DISMISS COUNTERCLAIMS ~ 7

In balancing the ten factors for proper transfer, the Court concludes they weigh against a transfer. As an initial matter, Plaintiff/Counterclaim Defendants' argument that Defendants/Counterclaim Plaintiffs should be judicially estopped from arguing venue is now proper in Washington is without merit or any cited authority. Second, one of Plaintiff/Counterclaim Defendants' reasons in arguing a transfer is proper was because Defendants/Counterclaim Plaintiffs' claims all arose in Idaho. ECF No. 14 at 7. However, the parties have since filed a stipulated motion to dismiss all of Defendants/Counterclaim Plaintiffs', Clark's Builders and Christopher Clark, claims against Plaintiff/Counterclaim Defendants. ECF No. 21. The Court grants that motion in this order, therefore it will perform a balancing of the *GNC Franchising* factors with that in mind.

As for the first factor, the parties agree that the contract was entered into in Washington and Plaintiff made payments to Washington, therefore this factor weighs against a transfer. ECF No. 1-1 at ¶¶ 2, 3, 5, 17, 20. The second factor weighs against transfer because Plaintiff brings actions under Washington State law and all of Defendants/Counterclaim Plaintiffs' claims are now dismissed with prejudice, therefore, Washington would be most familiar with the governing law. The third factor is a little less clear as Plaintiff originally chose to bring this action in Washington, not Idaho. The rationale provided in a case out of the District of Oregon is persuasive. There, the district court explained that "[a]lthough a

plaintiff's first choice of venue is strongly favored, subsequent venue choices are not given the same deference because, if they were, 'a motion to transfer venue could become an unchecked tool for plaintiff to shop among forums and between judges.'" *Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010) (quoting *Leiker v. Jarvis Prods. Corp.*, No. 90-1179-C, 1990 U.S. Dist. LEXIS 10189, at *5 (D. Kan. July 9, 1990)). Therefore, the Court finds this factor does not weigh in favor of transfer.

The fourth factor is more neutral. The named Defendants/Counterclaim Plaintiffs have extensive contacts with Washington. Clark's Builders is registered and has its principle place of business in Washington and Defendant Christopher Clark resides in Washington. However, both Plaintiff/Counterclaim Defendants live in Idaho and do not appear to have many contacts with Washington. The fifth factor weighs in favor of transfer because a substantial portion of the contacts related to Plaintiff's cause of action occurred in Idaho not Washington. As for the sixth factor, Plaintiff/Counterclaim Defendants have not presented any argument on why the costs of litigating this matter in Idaho would be more convenient than in Washington. Defendants/Counterclaim Plaintiffs contend transferring the case would result in a waste of the resources already spent litigating this matter in Washington but do not argue litigating the issue in Idaho will comparatively cost more in general. Therefore, this factor is neutral.

The Court cannot weigh factors seven, eight, and nine because the parties have presented no arguments or evidence permitting the Court to make an analysis. Moreover, the Court does not find any public policy considerations are relevant in this case.

In balancing all the factors, the Court concludes a transfer is not appropriate nor shown to be more convenient to the parties. Therefore, Plaintiff/Counterclaim Defendants' motion to transfer venue is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff/Counterclaim Defendants' Motion to Transfer Venue (ECF No. 14) is **DENIED**.

2. Defendants/Counterclaim Plaintiffs' Stipulated Motion to Dismiss Counterclaims (ECF No. 21) is **GRANTED**. Defendants/Counterclaim Plaintiffs', Clark's Builders, LLC and Christopher Clark, claims against Plaintiff/Counterclaim Defendants are **DISMISSED WITH PREJUDICE**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED **April 3, 2025**.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING MOTION TO DISMISS COUNTERCLAIMS ~ 10